UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 8:22-cv-1622-TPB-JSS

**FILED TEMPORARILY
UNDER SEAL**

NEELAM TANEJA UPPAL, M.D.,

    Defendant.
_____/

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff's "Motion for a Temporary Restraining Order and Preliminary Injunction – Time Sensitive" (Doc. 3). The United States moves *ex parte* under Rule 65(b), Federal Rules of Civil Procedure, for a temporary restraining order without notice to Defendant Neelam Taneja Uppal, M.D. In support of the motion, the United States has provided a memorandum of law, a supporting declaration, and various exhibits. After considering the motion, memorandum, and supporting material under Rule 65(b), Local Rule 6.01, and the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 843(f) and 882(a), the Court finds as follows:

    1.    The United States has demonstrated a substantial likelihood of success on the merits of its claim that Defendant Neelam Taneja Uppal, M.D., has violated 21 U.S.C. §§ 829 and 842(a)(1).

2. The United States has demonstrated that advance notice to Defendant will result in immediate injury, loss, or damage, specifically (1) harm to individuals who obtain prescriptions written unlawfully by Defendant and (2) the potential destruction of evidence related to Defendant's CSA violations.

3. Injunctive relief to prevent further CSA violations by Defendant and to protect the public is authorized by 21 U.S.C. §§ 843(f) and 882(a).

4. Defendant will continue to violate the CSA unless a temporary restraining order is issued.

5. The conditions for granting a temporary restraining order under Rule 65(b) and 21 U.S.C. §§ 843(f) and 882(a) are therefore satisfied.

Based on the foregoing, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED:**

1) Plaintiff's "Motion for a Temporary Restraining Order and Preliminary Injunction – Time Sensitive" (Doc. 3) is **GRANTED** without notice to Defendant.  This Order shall expire on August 1, 2022, unless the Court extends the Order for good cause or Defendant consents to an extension.

2) The United States shall promptly serve the complaint, its motion, and this Order on Defendant contemporaneously with the execution of search warrants at Defendant's premises.

3) Defendant is temporarily restrained and enjoined from directly or indirectly (i) administering, dispensing, or distributing any controlled substance, as those terms are defined in the Controlled Substances Act, 21

U.S.C. § 802, including prescribing any controlled substance; (ii) serving as a manager, owner, or operator of any entity, including a pain clinic or pharmacy, that administers, dispenses, or distributes controlled substances; (iii) applying for or seeking renewal of any DEA certificate of registration on her behalf or on behalf of any corporate entity; and (iv) altering, deleting, destroying, mutilating, or transferring any record within her possession, custody, or control related to her prescribing of controlled substances.

4) Under Rule 65(c), Federal Rules of Civil Procedure, the United States is not required to post security.

5) This is scheduled for a preliminary injunction hearing on the 29th day of July, 2022, at 10:00 a.m., in Tampa Courtroom 11A, before United States Magistrate Judge Julie S. Sneed. Defendant may request an earlier hearing on the terms of this temporary restraining order in accord with Rule 65.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of July, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**