UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No.: 8:22-cv-1622-TPB-JSS

NEELAM TANEJA UPPAL, M.D.,

    Defendant.
_____/

## DEFENDANT'S ANSWERS AND AFFIRMATIVE DEFENSES TO COMPLAINT UNDER THE CONTROLLED SUBSTANCES ACT FOR INJUNCTIVE RELIEF AND CIVIL PENALTIES

Defendant Neelam Taneja Uppal answers and asserts affirmative defenses to the Complaint for Injunctive Relief and Civil Penalties as follows:

## ANSWER

## INTRODUCTION

1. Denied.

2. Denied.

3. Denied.

4. Denied.

## JURISDICTION AND VENUE

5. Admitted.

6. Admitted.

## PARTIES

7. Admitted.

8. Admitted.

## LEGAL BACKGROUND

**A.    Applicable statutes, regulations, and guidelines**

9. No factual allegation is pled in ¶ 9 therefore no response is required. Doctor Uppal refers the Court to the genuine text of 21 U.S.C. § 841(a) for a full and accurate statement of the contents thereof. To the extent a further response is required, it is denied.

10. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in ¶ 10 and refer the Court to the genuine text of all referenced documents, including the CSA, for a full and accurate statement of the contents thereof.

11. No factual allegation is pled in ¶ 11, therefore no response is required. Doctor Uppal refers the Court to the genuine text of 21 U.S.C. § 812(b)(1); 21 C.F.R. § 1308.11 for a full and accurate statement of the contents thereof. To the extent a further response is required, it is denied.

12. No factual allegation is pled in ¶ 12 therefore no response is required. Doctor Uppal refers the Court to the genuine text of 21 U.S.C. § 812(b)(2) for a full and accurate statement of the contents thereof. To the extent a further response is required, it is denied.

13. No factual allegation is pled in ¶ 13 therefore no response is required. Doctor Uppal refers the Court to the genuine text of 21 U.S.C. § 812(b)(3) for a full and accurate statement of the contents thereof.  To the extent a further response is required, it is denied.

14. No factual allegation is pled in ¶ 14 therefore no response is required. Doctor Uppal refers the Court to the genuine text of 21 U.S.C. § 812(b)(4) for a full and accurate statement of the contents thereof.  To the extent a further response is required, it is denied.

15. No factual allegation is pled in ¶ 15 therefore no response is required. Doctor Uppal refers the Court to the genuine text of 21 U.S.C. § 812(b)(5) for a full and accurate statement of the contents thereof.  To the extent a further response is required, it is denied.

16. No factual allegation is pled in ¶ 16 therefore no response is required. Doctor Uppal refers the Court to the genuine text of the CSA for a full and accurate statement of the contents thereof.  To the extent a further response is required, it is denied.

17. No factual allegation is pled in ¶ 17 therefore no response is required. Doctor Uppal refers the Court to the genuine text of 21 U.S.C. § 802(11) for a full and accurate statement of the contents thereof.  To the extent a further response is required, it is denied.

18. No factual allegation is pled in ¶ 18 therefore no response is required. Doctor Uppal refers the Court to the genuine text of 21 U.S.C. § 802(10) for a full and accurate statement of the contents thereof. To the extent a further response is required, it is denied.

19. No factual allegation is pled in ¶ 19 therefore no response is required. Doctor Uppal refers the Court to the genuine text of 21 U.S.C. § 802(8) for a full and accurate statement of the contents thereof. To the extent a further response is required, it is denied.

20. Denied.

21. No factual allegation is pled in ¶ 21 therefore no response is required. Doctor Uppal refers the Court to the genuine text of 21 U.S.C. § 822(a) and (b) for a full and accurate statement of the contents thereof. To the extent a further response is required, it is denied.

22. No factual allegation is pled in ¶ 22 therefore no response is required. Doctor Uppal refers the Court to the genuine text of 21 U.S.C. § 829(a), (b), and (c) for a full and accurate statement of the contents thereof. To the extent a further response is required, it is denied.

23. No factual allegation is pled in ¶ 23 therefore no response is required. Doctor Uppal refers the Court to the genuine text of 21 C.F.R. § 1306.04(a), *United States v. Moore*, 423 U.S. 122, 140-42 (1975); and *Ruan v. United States*,

142 S. Ct. 2370, 2382 (2022) for a full and accurate statement of the contents thereof. To the extent a further response is required, it is denied.

24. No factual allegation is pled in ¶ 24 therefore no response is required. Doctor Uppal refers the Court to the genuine text of 21 U.S.C. § 829 for a full and accurate statement of the contents thereof. To the extent a further response is required, it is denied.

25. No factual allegation is pled in ¶ 25 therefore no response is required. Doctor Uppal refers the Court to the genuine text of 21 U.S.C. § 842(a) (1) for a full and accurate statement of the contents thereof. To the extent a further response is required, it is denied.

26. Denied.

27. No factual allegation is pled in ¶ 27 therefore no response is required. Doctor Uppal refers the Court to the genuine text of Fla Stat. § 766.102 for a full and accurate statement of the contents thereof. To the extent a further response is required, it is denied.

28. No factual allegation is pled in ¶ 28 therefore no response is required. Doctor Uppal refers the Court to the genuine text of Fla. Stat. § 456.44(2)-(3) for a full and accurate statement of the contents thereof. To the extent a further response is required, it is denied.

## B.     Penalties and other remedies

29. No factual allegation is pled in ¶ 29 therefore no response is required. Doctor Uppal refers the Court to the genuine text of 21 U.S.C. § 842(a)(1), 21 U.S.C. § 842(c)(1)(1), and 28 C.F.R. § 85.5 for a full and accurate statement of the contents thereof.  To the extent a further response is required, it is denied.

30. No factual allegation is pled in ¶ 30 therefore no response is required. Doctor Uppal refers the Court to the genuine text of the CSA for a full and accurate statement of the contents thereof.  To the extent a further response is required, it is denied.

## FACTUAL ALLEGATIONS

31. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in ¶ 31.

32. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in ¶ 32.

33. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in ¶ 33.

34. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in ¶ 34.

35. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in ¶ 35.

36. Denied, but admit that Dr. Uppal maintains an office at 1407 Gulf to Bay Boulevard, Clearwater, Florida.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## COUNT I

**Controlled Substances Act**
**21 U.S.C. § 842(a)(l)**
**Civil Penalty Liability**

47. Defendant repeats, reiterates, and realleges each and every response as previously set forth in paragraphs 1-46 with the same force and effect as if fully set forth at length herein.

48. Denied.

49. Denied.

50. Denied.

## COUNT II

**Controlled Substances Act
21 U.S.C. §§ 843(f)(l) and 882(a)
Permanent Injunctive Relief**

51. Defendant repeats, reiterates, and realleges each and every response as previously set forth in paragraphs 1-46 with the same force and effect as if fully set forth at length herein.

52. Denied.

53. Denied.

54. In response to the Complaint's prayer for relief, Dr. Uppal denies the Government is entitled to any judgment against, or damages, or other relief from Dr. Uppal, including but not limited to, the enumerated requests for relief in the Complaint's prayer.

55. Any allegation that has not been explicitly admitted is denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

54. Without assuming the burden of proof on any matters where that burden rests on the Government, Dr. Uppal asserts the following separate and affirmative defenses as to the claims asserted against her. Dr. Uppal has insufficient knowledge or information to form a belief as to whether there may be additional separate and affirmative defenses available to the claims asserted against her, and therefore Dr. Uppal reserves the right to amend her

8

Answer and assert such additional defenses as to the claims interposed against her based on subsequently acquired knowledge or information that becomes available through discovery or otherwise.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

55. Without admitting any of the allegations of the Complaint, Doctor Uppal never knew or intended that any prescription issued by her was not issued for a legitimate medical purpose and was not in the usual course of professional practice.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

56. Dr. Uppal suffered from diminished mental capacity on June 24, 2022 and June 28, 2022 which impacted her medical judgment. *United States v. Westcott*, 83 F.3d 1354, 1358 (11th Cir. 1996) (holding that "[e]vidence that a defendant lacks the capacity to form mens rea" is admissible in a specific intent case). Indeed, as stated in Complaint paragraph 39, Dr. Uppal "was being treated at a local hospital" when the informant approached her on June 24, 2022.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

57. Dr. Uppal was entrapped on June 24, 2022 and June 28, 2022 by federal and state law enforcement and an informant acting as an agent of federal and state law enforcement.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

58. The Excessive Fines Clause of the Eighth Amendment to the United States Constitution applies to limit the scope of any applicable civil penalties in this case.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

59. Dr. Uppal hereby gives notice that she intends to rely upon other such defenses as may become apparent during the discovery proceedings in this case and hereby reserves her right to amend this Answer to assert such defenses.

WHEREFORE, Defendant Uppal demands judgment dismissing the Complaint against her.

Dated: August 26, 2022                    Respectfully submitted,

*/s/ Todd Foster*
TODD FOSTER
Florida Bar No.: 0325198
tfoster@barnettbolt.com
KEVIN DARKEN
Florida Bar No.: 90956
kdarken@barnettbolt.com
MATTHIEU GODDEYNE
Florida Bar No.: 122189
mgoddeyne@barnettbolt.com
BARNETT, KIRKWOOD, KOCHE,
LONG & FOSTER, P.A.
601 Bayshore Blvd. Suite 700
Tampa, FL 33606
Telephone: (813) 253-2020
Attorneys for Defendant Uppal

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 26th day of August on all counsel of record via the CM/ECF electronic filing system.

*/s/ Todd Foster*
TODD FOSTER