## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                          Case No. 8:22-cv-1622-TPB-JSS

NEELAM TANEJA UPPAL, M.D.,

     Defendant.

_____/

## PROTECTIVE ORDER GOVERNING THE USE
## AND DISCLOSURE OF PROTECTED HEALTH INFORMATION

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect individually identifiable health information entitled to be kept confidential under the Federal Privacy Act, 5 U.S.C. § 552a, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) ORDERED:

1.    **Production of Health Information By The Parties That May Be Subject To The Privacy Act, 5 U.S.C. § 552a, to 45 C.F.R. Parts 160 and 164, or to 42 U.S.C. § 1306, or Other Privacy Protections.** The parties may seek discovery of certain individually identifiable health information, defined as including health information that is connected to a patient's name, address, Social Security number or other identifying number, including HIC number and as otherwise defined in 45

C.F.R. §160.103 (herein also referred to as "Protected Health Information" or "PHI"), as necessary in this litigation, which includes this action and all appellate proceedings or the expiration of time to commence such appellate proceedings related to this action. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. Parts 160 and 164, or to the provisions of 42 U.S.C. § 1306, or there may be no waiver by the patient to produce the records to all parties to this litigation. The parties shall produce these documents unredacted to the other parties to this litigation. Upon producing these documents, the parties shall designate them as "confidential" in the manner set forth in Paragraph 2 below. The parties, including their respective counsel and their personnel, may use these documents (and the deposition portions designated as "confidential" in the manner set forth in Paragraph 3 below) only for purposes of the litigation, and may disclose them to non-parties to this litigation only as needed for the litigation, and only if the non-party signs the Acknowledgment of Protective Order form attached to this Order. The parties and their counsel shall exercise best efforts to prevent unauthorized disclosure of PHI subject to this order ("Confidential Information") and shall maintain all such information in a secure and safe manner. The parties shall not file these documents with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all information that would identify the subject of the document or filing has been redacted or removed.

**2.      Designation of Material Subject to this Protective Order.** To designate "confidential" material covered by this Order, the parties shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover, or in written discovery requests or responses, by using the following designation: "CONFIDENTIAL"

**3.      Protected Health Information in Depositions.** Subject to the requirements of Paragraph 1 above, parties may show deponents designated confidential documents.  However, efforts should first be made, if practicable, to conceal the identity of the subject of the record by coding the documents to substitute a numerical or other designation for the name or other identifying information of the subject of the record. The parties may, within 30 business days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "CONFIDENTIAL." Until expiration of the 30-day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If no party timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential.

**4.      Protected Health Information in Open Court.** No party shall disclose designated confidential documents in open Court without prior consideration by the Court. The procedures for use of designated confidential documents during any

hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove Protected Health Information or seeking leave to submit such documents under seal where redaction would be infeasible. As appropriate, the parties shall also consider substituting a numerical or other designation for the patient's name or other Protected Health Information.

5.     **Filing of documents.** Pursuant to Federal Rule of Civil Procedure 5.2(e)(1) and upon good cause shown, it is ordered that any party filing on the public record a document containing Protected Health Information covered by this order— i.e., any materials marked "CONFIDENTIAL" pursuant to this order—shall first redact all Protected Health Information from the document or, in the alternative, shall seek leave from the Court to file the document under seal. If the party files a redacted document on the public record, the party filing the redacted document also shall provide an unredacted copy of the document to the Court and other parties.

6.     **Modification Permitted.** Nothing in this order shall prevent any party from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

7.     **No Waiver.** The failure to designate any materials as provided in Paragraph 2 or Paragraph 3 shall not constitute a waiver of a party's assertion that the materials are covered by this order.

**8.     Qualified Protective Order.** By entering this order, the Court finds that this order is a "qualified protective order" within the meaning of 45 C.F.R. § 164.512(e)(1)(v). In accordance therewith, all Protected Health Information shall be designated "confidential" and may be used and/or disclosed in accordance with the terms of this order.

**9.     No Ruling on Discoverability or Admissibility.** This order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

**10.    Return or Destruction**. Except as provided in this order, within sixty (60) days of the conclusion of this litigation, the parties shall (a) destroy or delete all items designated as confidential and certify in writing that they have been destroyed or deleted, or (b) return them to the designating party, except materials that exist on back-up tapes or similar systems. PHI that exists on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed and, instead, such PHI shall be overwritten and destroyed in the normal course of business. Until the PHI is overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. In the course of disposing of any PHI in its possession under this paragraph, the receiving party will also take reasonable steps to notify persons to whom it distributed any PHI pursuant to this order that such PHI should be returned

to the receiving party or destroyed by the person possessing the PHI with written confirmation to the receiving party.

Notwithstanding the above provision, counsel for the parties are entitled to retain an archival copy of all pleadings, affidavits, motion papers, trial, transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, briefs, other papers filed with the Court, and any other parts of the trial record, as well as notes and other documents constituting the work product of litigation counsel, even if these items contain or reflect Confidential Information, so long as the these items remain clearly marked to reflect that the information contained therein is Confidential Information subject to this protective order. In particular, attorneys for the United States may maintain copies of any Confidential Information in their case file, as well as copies of any notes or summaries containing such Confidential Information subject to the Federal Records Act, 44 U.S.C. § 3101, *et seq.*

11. **Disclosure to Agencies or Departments of the United States or State of Florida.** Nothing contained in this order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States or the State of Florida, or any division of any such agency or department, designated confidential documents relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this order prevent or in any way limit or impair the use of any such designated confidential documents by an agency in any proceeding relating to

any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this order.

**12.    Disclosures to Congress.**  Nothing contained in this order shall prevent or in any way limit or impair the right of the United States to provide designated confidential documents to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the designated confidential documents have been produced pursuant to this order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the producing party or nonparty of the Congressional entity's request and the United States' response thereto.

**ORDERED** this \_\_\_\_ day of _____, 2023.


_____

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                Case No. 8:22-cv-1622-TPB-JSS

NEELAM TANEJA UPPAL, M.D.,

     Defendant.

_____/

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

I have read and understand the Stipulated Protective Order Governing the Disclosure of Health Information ("Order") entered in this action on_____ _____, 2021. I hereby agree to be bound by the terms of the Order. Specifically, I agree that I will use stamped confidential documents and any information contained therein only for purposes of this case, including any appeals, and not for any other purpose of any kind, and I agree that I will take all appropriate steps to keep the stamped confidential documents and any information contained therein confidential. I also agree that I will return all stamped confidential documents to counsel within thirty (30) days after the final conclusion of this litigation. I hereby acknowledge that my duties under this Acknowledgment shall survive the termination of this case and are binding upon me for all time. I hereby consent to the personal jurisdiction of the United States District Court for the Middle District of Florida in the above-captioned case for purpose of enforcing the aforementioned Order.

_____

[signature]


DATED:_____     _____

[print name]