UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 8:22-cv-1622-TPB-JSS

NEELAM TANEJA UPPAL, M.D.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO STAY CASE PENDING RESOLUTION OF COMPANION STATE CRIMINAL PROSECUTION

This matter is before the Court on "Defendant's Motion to Stay Case Pending Resolution of Companion State Criminal Prosecution," filed on April 7, 2023. (Doc. 44). Plaintiff filed a response in opposition on April 21, 2023. (Doc. 45). Upon review of the motion, response, court record, and file, the Court finds as follows:

### Background

Plaintiff United States of America filed this suit on July 18, 2022, against Neelam Uppal, M.D., under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* (the "Act"). The United States alleges that Uppal sold illegitimate prescriptions for controlled substances and thereby administered, dispensed, and/or distributed controlled substances in violation of the Act. The complaint specifically pointed to sales that occurred on June 24, 2022, and June 28, 2022. Uppal was subsequently charged in Pinellas County, Florida, with violations of state criminal statutes, based

on conduct that included the same sales alleged in the complaint in this case. *State of Florida v. Neelam Taneja Uppal*, 22-07002-CR-C (Pinellas Cty. Cir. Ct.). *See* (Doc. 44-1). Uppal is also named in a civil forfeiture action brought by the Pinellas County Sheriff against nearly $ 2 million in cash and other items seized in connection with the charges against her, and she faces a Florida Department of Health administrative proceeding seeking penalties that include the revocation of her medical license. *See* (Docs. 45-1; 45-3).

On September 20, 2022, the Court entered a stipulated preliminary injunction prohibiting Uppal from prescribing or otherwise administering, dispensing, or distributing any controlled substance, or serving as the manager or owner of any entity that does so, or seeking to renew a DEA certificate of registration. (Doc. 38). Uppal surrendered her DEA controlled substances registration in December 2022.

Under the Court's Case Management and Scheduling Order, entered in November 2022, discovery in this case closes on July 17, 2023, and trial is set for the February 2024 trial term. Uppal has moved for a stay of this case pending resolution of the criminal prosecution against her.

## Legal Standard

Courts have inherent authority to stay a civil case pending the resolution of a parallel criminal proceeding, and a stay is appropriate when required by special circumstances in the interest of justice. *See, e.g., United States v. Lot 5, Fox Grove, Alachua Cty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994); *United States ex rel. Silva v.*

*VICI Mktg., LLC*, No. 8:15-cv-444-T-33TGW, 2019 WL 448763, at *1-2 (M.D. Fla. Feb. 5, 2019); *United States ex rel. McCullough v. Colasante*, No. 1:10cv126-MCR/GRJ, 2014 WL 12873165, at *1 (N.D. Fla. June 17, 2014). In assessing whether special circumstances exist, courts look to a number of factors, including:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*VICI Mktg.,* 2019 WL 448763, at *1-2; *Colasante*, 2014 WL 12873165, at * 1.

## Analysis

The Court finds the interests of justice support a stay of these proceedings pending the resolution of the pending criminal proceeding. Although the United States argues that the scope of this case is broader than that of the criminal prosecution, there is a substantial overlap, which weighs strongly in favor of a stay. Also weighing in favor of a stay is the fact that Uppal has been charged, and therefore an actual criminal proceeding against her exists.

The United States no doubt has an interest in proceeding expeditiously, and the potential loss of witnesses' memories or other evidence is a legitimate concern. However, the only specific issue the United States raises in that regard is that certain medical records may exist in the hands of third-party vendors, which it argues could become unavailable in the future if this case is stayed. The subject of serving third-party subpoenas was discussed by the parties and the Court at a case

management conference on October 26, 2022, almost seven months ago. Under the Court's scheduling order (Doc. 42), discovery is set to close in a little less than two months. The United States does not explain why, in the nearly ten months since this case was filed, it has not already sought and obtained these records and any other information it might need.

On the other hand, absent a stay, Uppal's inability to testify at trial or in connection with summary judgment in this case without waiving her Fifth Amendment privilege will likely hamper her defense, even if the problem does not rise to a constitutional dimension. Uppal would also be subjected to the burden of litigating on an additional front while defending the pending criminal charges and state forfeiture action.

As to the interest of the courts and the public, given the overlapping issues, resolution of the criminal case may help to resolve this case in whole or part, thereby promoting the interest of judicial economy. Additionally, Uppal has surrendered her DEA controlled substances registration and agreed to the stipulated injunction entered in this case. The United States points out that she could withdraw her consent to the injunction at some point. If that occurs, the United States may move to lift the stay and reopen these proceedings, and the Court will consider whether that factor or any other changed circumstances tilt the balance in favor of lifting the stay and proceeding with this case.

Based on the foregoing, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED:**

1) "Defendant's Motion to Stay Case Pending Resolution of Companion State Criminal Prosecution" (Doc. 44) is **GRANTED**.

2) This action is **STAYED** pending further order of the Court.

3) The parties are **DIRECTED** to notify the Court upon resolution of the criminal proceedings, and to file every 90 days a joint report on the status of the criminal proceedings.

4) The Clerk is directed to terminate all pending motions and deadlines, and thereafter administratively close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of May, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**